KING COUNTY SUPERIOR COURT
IN AND FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STEFI HALLSTROM, individually,<br><br>Plaintiff,<br><br>v.<br><br>GEEKS WHO DRINK LLC, a limited liability company, JOHN DICKER and JANE DOE DICKER, individually and the marital community comprised thereof, JOEL PEACH and JANE DOE PEACH, individually and the marital community comprised thereof,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Stefi Hallstrom, by and through her undersigned counsel Jonathan Nolley of Emerald Law Group PLLC and Mark Davis of Dethlefs Sparwasser Reich Dickerson PLLC, and alleges as follows:

I.  PARTIES

1.1   At all times relevant hereto, Plaintiff Stefi Hallstrom (hereafter "plaintiff") was and is a resident of Snohomish County, Washington.

Complaint For Damages - 1

1.2     At all times relevant hereto, Defendant Geeks Who Drink LLC (hereafter "GWD") was and is a limited liability company doing business in the State of Washington and in King County, Washington.

1.3     At all times relevant hereto, Defendant John Dicker was a principal and owner of Defendant GWD and did business in King County, Washington.

1.4     At all times relevant hereto, Defendant Joel Peach was a principal and owner of Defendant GWD and did business in King County, Washington.

## II.     JURISDICTION & VENUE

2.1     The above-entitled court has jurisdiction over the subject matter of this lawsuit.

2.2     The above-entitled court is the proper venue for this action based upon the fact that Defendants did and continue to do business in King County, Washington.

2.3     Venue is appropriate under RCW 4.12.020(3) because the causes of action arose from injuries to plaintiff in King County.

2.4     Venue is appropriate under RCW 4.12.025(1)(a)-(d) because Defendants transact business in King County; Defendants have an office for the transaction of business in King County; and Defendants transacted business in King County at the time the cause of action arose.

2.5     Venue is appropriate under RCW 4.12.025(3)(a)-(d) because the causes of action arise out of torts that were committed in King County; plaintiff's work for Defendants was performed in King County; and all agreements entered into between the parties were entered into in King County.

## III.     FACTS

3.1     Plaintiff is a female resident of the State of Washington.

Complaint For Damages - 2

3.2     Defendant GWD operates a business that hosts and puts on trivia events and contests at local bars and restaurants, including those in King County and throughout the Puget Sound area.

3.3     Defendant Dicker is one of the two principals of Defendant GWD and regularly manages the business operations of GWD, including decision regarding hiring and terminating employees.

3.4     Defendant Peach is one of the two principals of Defendant GWD and regularly manages the business operations of GWD, including decision regarding hiring and terminating employees.

3.5     In or about 2012, Defendants hired Plaintiff to work as a part-time trivia host.

3.6     Plaintiff continued to work on a part-time basis until approximately 2015 when Defendants began training and instructing Plaintiff as a salesperson, a position in which she would market GWD's services to local bars and restaurants.

3.7     As part of Plaintiff's training as a salesperson, she attended sales calls with a GWD employee and company representative named Ozzy Nelson.

3.8     During these same sales calls, Mr. Nelson tried to persuade Plaintiff to have sex with Mr. Nelson's friend.

3.9     During these same sales calls, Mr. Nelson tried to persuade Plaintiff to get into a fight with her boyfriend in order to justify having sex with Mr. Nelson's friend.

3.10    During these same sales calls, Mr. Nelson tried to persuade Plaintiff to drink shots of liquor with him and go to a strip club.

3.11    Plaintiff refused each of Mr. Nelson's above-described propositions.

Complaint For Damages - 3

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

3.12    Plaintiff later learned that Mr. Nelson had a history of sexually inappropriate conduct toward GWD employees.

3.13    Despite Mr. Nelson's prior history and past instances of inappropriate conduct toward female GWD employees, GWD continued to allow Mr. Nelson to go on sales calls with Plaintiff with no other employees or persons present.

3.14    Because Plaintiff felt Mr. Nelson's conduct was inappropriate, she reported Mr. Nelson to GWD but continued to go forward with her sales training while maintaining her part-time trivia host role.

3.15    In October of 2015, Defendant Dicker offered Plaintiff a full-time commissioned sales position.

3.16    Plaintiff accepted this position as a full-time salesperson.

3.17    As a salesperson, Plaintiff performed her job well and exceeded her sales expectations.

3.18    In July of 2016, Plaintiff found out that she was pregnant with her second child.

3.19    During the course of her pregnancy, she continued to perform her sales role diligently and effectively.

3.20    On April 21, 2017, Plaintiff gave birth to her second child and took approximately one month off of work for maternity leave.

3.21    GWD had no formal maternity leave policy.

3.22    Because she did not want to be perceived as taking too much time from work following her pregnancy, she returned to work after just four weeks.

3.23    On or about May 21, 2017, Plaintiff returned to full-time work as a salesperson.

Complaint For Damages - 4

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

3.24 The summer of 2017 proved to be a slow month for GWD, and sales were lower than non-summer months.

3.25 During this slow period, Plaintiff worked diligently to build up business leads in anticipation of having a busy fall quarter with greater sales.

3.26 In approximately September of 2017, Plaintiff contacted her first-line manager Jake Kwikowski about the slow summer sales.

3.27 In response, Mr. Kwikowski acknowledged that the summer had been slow and remarked that there had been a "summer lull" and that sales would bounce back.  Mr. Kwikowski also stated that Plaintiff's job was not in jeopardy and that "she was good."

3.28 On September 8, 2017, Mr. Kwikowski contacted Plaintiff and terminated her employment.

3.29 In this same conversation in which he terminated Plaintiff's employment, Mr. Kwikoski told Plaintiff that her sales were too low.

3.30 On the date of her termination, Plaintiff was approximately four (4) months removed from giving birth to her second child and had returned to full-time work for approximately three (3) months.

3.31 Several days later on September 12, 2017, Plaintiff participated in an exit interview with Defendant Dicker.

3.32 During the exit interview, Plaintiff asked if there was anything she could do to keep her job. She volunteered to forego the remainder of her stipend.

3.33 During this same exit interview, Plaintiff also asked why she had not been given any advance notice of her employer's displeasure with her in order to allow her to take corrective action.

Complaint For Damages - 5

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

3.34     During this same exit interview, Plaintiff asked about a male employee that had been given notice about his job performance and the ability and time to improve his performance to avoid termination.

3.35     In response, Defendant Dicker indicated that the decision to terminate Plaintiff was final.

3.36     Following her termination, Plaintiff became aware of an email exchange in which Mr. Kwikowski was critical of Plaintiff having children and his and Defendant Dicker's belief that Plaintiff's children interfered with her job performance.

3.37     In this email, Mr. Kwikowski wrote the following: "To be blunt, Dicker and I both very much like Stefi but with her kids she just doesn't seem to have the time to hit the streets in the way we need her to."

3.38     A fellow co-worker at GWD, Tabitha Stewart, read this same email and reported to her first-line supervisor Stephanie Stone-Robb that she felt uncomfortable with Mr. Kwikowski's email.  Ms. Stewart wrote to Ms. Stone-Robb and expressed her concerns about Mr. Kwikowski's comments.

3.39     In her email to Ms. Stone-Robb, Ms. Stewart stated that Mr. Kwikowski's comments were "unsettling (as someone who would like to have kids soon), its discriminatory AND can put GWD in a troublesome spot legally."

3.40     Despite employees and supervisors at GWD having knowledge that Plaintiff was being fired because she had children, nothing was done to correct this action, and Plaintiff was terminated from her position without any notice or opportunity to improve her sales numbers

3.41     Defendants have in the past permitted similarly situated male employees to take corrective actions to improve sales figures.

Complaint For Damages - 6

3.42 Defendants have taken adverse action against other female employees who decided to start families.

3.43 Defendants have taken adverse action against other female employees with child-care responsibilities.

3.44 Defendants have created and fostered a workplace where having child-care responsibilities is actively discouraged.

3.45 Defendants have created and fostered a workplace where having child-care responsibilities is grounds for adverse action.

3.46 After her termination, Plaintiff continued to host trivia contests on a part-time basis.

3.47 Because of her termination, Plaintiff has lost income and wages and has suffered damages in amount to be determined by a trier-of-fact.

### IV.   FIRST, SECOND, AND THIRD CAUSES OF ACTION

**(Gender and Sex Discrimination Including Hostile Work Environment, Disparate Treatment, and Wrongful Termination Violation of Washington Law Against Discrimination, RCW 49.60, *et seq.*)**

4.1 The paragraphs above are re-alleged and incorporated by reference as though fully set forth herein.

4.2 At all times relevant hereto, Plaintiff performed her job duties successfully.

4.3 During her employment Plaintiff was subjected to unwelcome statements and actions of a sexual and gender-based nature.

4.4 These statements and actions were unwelcome and offensive to Plaintiff.

4.5 These statements and actions were so severe and pervasive that they negatively impacted the terms and conditions of Plaintiff's employment with Defendants.

Complaint For Damages - 7

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

4.6     These statements and actions were so severe and pervasive that they compelled Plaintiff to report them to Defendants.

4.7     These statements and actions created a hostile work environment for Plaintiff.

4.8     These statement and actions are imputable to Defendants because they originated from a manager in a position of power over Plaintiff.

4.9     These statement and actions are imputable to Defendants because they originated from a manager who, upon information and belief, had engaged in similar misconduct on other occasions.

4.10    These statement and actions are imputable to Defendants because each of them failed to take reasonably prompt and adequate corrective action.

4.11    Defendants also treated Plaintiff less favorably than her male peers and/or colleagues.

4.12    Defendants fostered, tolerated, and created a workplace where having children and/or child-care responsibilities was discouraged.

4.13    Defendants fostered, tolerated, and created a workplace where having children and/or child-care responsibilities was grounds for adverse action.

4.14    Plaintiff was subjected to these statements and actions because of her sex and gender.

4.15    In September 2017, Plaintiff was subjected to adverse actions by Defendants.

4.16    This included, but was not limited, to the termination of her employment.

4.17    Defendants terminated Plaintiff without any advance notice.

4.18    Defendants specifically cited Plaintiff's child-care responsibilities as a substantial and/or motivating factor for her termination.

Complaint For Damages - 8

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

4.19 Plaintiff was subjected to this adverse action because of her sex and gender.

4.20 As a direct and proximate result of Defendants' violations of Washington's Law Against Discrimination, RCW 49.60, *et seq.*, Plaintiff has suffered damages including, but not limited to, economic losses, loss of back pay, loss of front pay, loss of benefits, non-economic losses, mental trauma, emotional distress, general damages, attorneys' fees and costs in an amount to be proven at trial.

## V. FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION

**(Retaliation Including Hostile Work Environment, Disparate Treatment, and Wrongful Termination in Violation of Washington Law Against Discrimination, RCW 49.60, *et seq.*)**

5.1 The paragraphs above are re-alleged and incorporated by reference as though fully set forth herein.

5.2 At all times relevant hereto, Plaintiff performed her job duties at an acceptable and/or satisfactory level.

5.3 During her employment, Plaintiff was subjected to unwelcome statements and actions of a sexual and gender-based nature.

5.4 Plaintiff protested these statements and actions.

5.5 Plaintiff's actions in this regard constitute protected activities under the RCW 49.60, *et seq*.

5.6 Plaintiff also engaged in protected activities by: (a) requesting the ability to take maternity leave and (b) taking maternity leave in April and May 2017.

5.7 Defendants retaliated against Plaintiff because she engaged in protected activities.

5.8 Defendants imposed adverse action(s) against Plaintiff.

Complaint For Damages - 9

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598

5.9     Defendants also treated Plaintiff less favorably than her male peers and/or colleagues.

5.10    Defendants fostered, tolerated, and created a workplace where having children and/or child-care responsibilities was discouraged.

5.11    Defendants fostered, tolerated, and created a workplace where having children and/or child-care responsibilities was grounds for adverse action.

5.12    Defendants violated RCW 49.60 *et. seq.*, by taking these actions in response to Plaintiff's protected activities.

5.13    Defendants substantially and negatively altered the terms and conditions of Plaintiff's employment because she engaged in protected activities.

5.14    Defendants terminated Plaintiff because she engaged in protected activities.

5.15    Defendants terminated Plaintiff without any advance notice.

5.16    As a direct and proximate result of Defendants' violations of Washington's Law Against Discrimination, RCW 49.60, *et seq.*, Plaintiff has suffered damages including, but not limited to, economic losses, loss of back pay, loss of front pay, loss of benefits, non-economic losses, mental trauma, emotional distress, general damages, attorneys' fees and costs in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, having asserted the above and foregoing claims, Plaintiff prays for judgment as follows:

1.      Judgment against Defendants on each of the above causes of action for damages in an amount to be determined at trial, including but not limited to past wages, income and/or compensation; future wages, income, and/or compensation; loss of benefits;

Complaint For Damages - 10

non-economic damages including emotional distress, mental anguish, and pain and suffering; and exemplary damages, double damages, statutory damages, and prejudgment interest;

2. An award to Plaintiff and against the Defendants for attorneys' fees and costs incurred in maintaining this action and for all other costs which Plaintiff is entitled to under Washington law including but not limited to RCW 49.60 *et seq.*, RCW 49.48 *et seq.*, RCW 4.84 *et seq.,* and any other applicable law(s).

3. Such other relief as the Court finds just and equitable.

DATED this 26th day of May 2020.

                    DETHLEFS SPARWASSER REICH
                    DICKERSON, PLLC


                    By: /s/Mark Davis
                        Mark K. Davis, WSBA #38713
                        100 Second Avenue S., Ste. 190
                        Edmonds, WA 98020
                        Ph: 425-776-1352
                        Fx: 425-776-2467
                        mark@detsparlaw.com
                        Attorneys for Plaintiff

                    EMERALD LAW GROUP PLLC

                    By: /s/Jonathan Nolley
                        Jonathan Nolley, WSBA #35850
                        811 First Avenue, Ste 510
                        Seattle, WA 98104
                        Ph: 206-826-5160
                        Fx: 206-922-5598
                        jonathan@emeraldlawgroup.com
                        Attorneys for Plaintiff

Complaint For Damages - 11

EMERALD LAW GROUP PLLC
811 FIRST AVE, STE 510
SEATTLE, WA 98104
T: (206) 826-5160
F: (206) 922-5598