UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEFI HALLSTROM,<br><br>    Plaintiff,<br><br> v.<br><br>GEEKS WHO DRINK LLC, JOHN DICKER, JANE DOE DICKER, JOEL PEACH, and JANE DOE PEACH,<br><br>    Defendants. | C20-1051 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:[1]

(1) Defendants' Motion to Dismiss ("Motion"), docket no. 15, is GRANTED in part, and all claims against Defendants Joel Peach and Jane Doe Peach are DISMISSED without prejudice. *See* Fed. R. Civ. P. 12(b)(2). The Complaint fails to allege any facts that would support specific personal jurisdiction over either Defendant. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015); *Failla v. FixtureOne Corp.*, 336 P.3d 1112, 1118 (Wash. 2014) (declining to hold "that any corporate officer of a nonresident corporation may be subject to the state's jurisdiction").

(2) Defendants' Motion is otherwise DENIED. Defendants assert that the Court also lacks specific personal jurisdiction over Defendants John Dicker and Jane Doe Dicker, residents of Colorado. *See* Notice of Removal at ¶ 6 (docket no. 1). According to the Complaint, however, Dicker is not just a principal of Defendant Geeks Who Drink

---

[1] Because the parties adequately briefed the alleged facts and relevant law, the Court DENIES Defendants' request for oral argument.

MINUTE ORDER - 1

LLC ("GWD"), a Colorado company that does business in Washington.  Complaint at ¶¶ 1.2, 1.3, 3.3 (docket no. 1-1); Corporate Disclosure Statement (docket no. 2).  Dicker purportedly hired Plaintiff, a Washington resident, and was involved in the decision to fire her, allegedly on unlawful grounds.  *See id.* at ¶¶ 3.15, 3.32–3.35, 3.37.  Those allegations plausibly assert that Dicker committed an intentional, wrongful act expressly aimed at Plaintiff, and which Dicker should have reasonably known would result in harm suffered in this state.  *See Calder v. Jones*, 465 U.S. 783, 788–90 (1984); *Failla.*, 336 P.3d at 1118; *see also Davis v. Metro Prods., Inc.*, 885 F.2d 515, 522–23 (9th Cir. 1989) (nonresident corporate officers' "acts did not amount to 'untargeted negligence,'" rather they "should have reasonably known that their actions 'could have [an] effect on the plaintiff'" and "the brunt of the injury . . . would be felt in" the forum state).  Nor is it "unreasonable to require Dicker, who was purportedly responsible for making the challenged employment decisions, "to answer for [allegedly] failing to comply with [Washington] laws."  *Failla*, 336 P.3d at 1118.[2]

Plaintiffs' allegations are also sufficient to state claims for relief under the Washington Law Against Discrimination ("WLAD"), Chapter 49.60 RCW, for gender and sex discrimination (including hostile work environment), disparate treatment, wrongful termination, and retaliation.  *See* Fed. R. Civ. P. 12(c).  With respect to the claim for hostile work environment, Defendants point out that there are no allegations that Dicker personally harassed Plaintiff; but Plaintiff alleges that she *reported* the harasser's misconduct to GWD, of which Dicker is a principal, at some point during her employment.  Complaint at ¶¶ 3.11–3.14.  Regardless of whether the harasser was Plaintiff's manager or her coworker, *compare id.* at ¶ 3.7 *with id.* at ¶ 4.8, Plaintiff's allegations are sufficient to show that Dicker may be held liable for the harasser's misconduct, at least after Plaintiff reported it to GWD.  *See Glasgow v. Georgia-Pac. Corp.*, 693 P.2d 708, 712 (Wash. 1985) ("To hold an employer responsible," including "owner[s]," an "employee must show that the employer . . . knew[] or should have known of the harassment and . . . failed to take reasonably prompt and adequate corrective action.").   Nor is this claim time barred, as Plaintiff alleges that "[d]uring her employment, [she] was subjected to unwelcome statements and action of a sexual and gender-based nature"—i.e., through September 2017.  Complaint at ¶¶ 3.28, 4.3.[3]  This

---

[2] Plaintiff's alternative request for leave to amend, *see* Response (docket no. 16 at 2 n.1), is DENIED.  *See* Minute Order Setting Trial Date and Related Deadlines (docket no. 12) (indicating the joinder of parties deadline was October 13, 2020).  In deciding this Motion, the Court has considered only the allegations in the original Complaint, docket no. 1-1, without considering Plaintiff's declaration, docket no. 17, which would require the Court to convert the Motion into one for summary judgment.

[3] The Court, however, does not decide whether Plaintiff can satisfy her evidentiary burden to show that she was subjected to a harassing statement or act within the limitations period.  *See Antonius v. King County*, 103 P.3d 729, 734 (Wash. 2004) ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the [claim] may be

MINUTE ORDER - 2

claim was filed in May 2020, which was within the three-year statute of limitations under RCW 4.16.080(2).

      Plaintiff's other factual allegations likewise support her WLAD claims for disparate treatment, wrongful termination, and retaliation.  Plaintiff alleges that about three months after she returned from a one-month maternity leave, she was fired.  *See* Complaint at ¶¶ 3.20–3.28.  Plaintiff also provides specific factual allegations that Defendants fired her because of "her kids" and that Plaintiff did not "seem to have the time to hit the streets in the way [Defendants] need[ed] her to." *Id.* at ¶ 3.37.  Those allegations are sufficient to show that Plaintiff may have been subjected to disparate treatment, wrongful termination, and/or retaliation "because of . . . sex," RCW 49.60.180(2), (3), or "because of pregnancy or *childbirth*," WAC 162-30-020(3) (emphasis added).  *See Hegwine v. Longview Fibre Co.*, 172 P.3d 688, 693 (Wash. 2007) (concluding the relevant "regulations plainly provide that claims of employment discrimination because of pregnancy [or childbirth] are to be analyzed as matters of sex discrimination"); *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 474 (Wash. 2017) (a plaintiff must merely show that the "discrimination was *a* substantial factor in an adverse employment action, not the only motivating factor"); *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 238 (Wash. 2018) ("[A]s long as an employee presents evidence 'suggest[ing] a *causal connection* between the protected activity and the subsequent adverse action . . . the employee has made a prima facie case of retaliation under WLAD.").  Defendants' arguments to the contrary are unavailing.

      (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

      Dated this 18th day of March, 2021.

William M. McCool  
Clerk

s/Gail Glass  
Deputy Clerk

---

considered.") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)).  Nor does the Court decide what evidence would be admissible at trial.

MINUTE ORDER - 3